IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD SANTOS,

       Plaintiff,                    No. CIV S-08-0315 FCD GGH P

    vs.

SINGH, et al.,

       Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for a temporary restraining order filed February 11, 2008. For the following reasons, the court recommends that this motion be denied.

        The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch.

1

1  Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting);
2  Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the
3  emphasis of the court is directed to irreparable harm and the balance of hardships because the
4  merits of a controversy are often difficult to ascertain and adjudicate on short notice.
5  　　　　　The legal principles applicable to a request for injunctive relief are well
6  established.  To prevail, the moving party must show either a likelihood of success on the merits
7  and the possibility of irreparable injury, or that serious questions are raised and the balance of
8  hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122
9  F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,
10 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal
11 point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under
12 any formulation of the test, plaintiff must demonstrate that there exists a significant threat of
13 irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the
14 court need not reach the issue of likelihood of success on the merits.  Id.
15 　　　　　In cases brought by prisoners involving conditions of confinement, any
16 preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
17 harm the court finds requires preliminary relief, and be the least intrusive means necessary to
18 correct the harm."  18 U.S.C. § 3626(a)(2).
19 　　　　　Plaintiff alleges that he has been denied food and medicine by custody and
20 medical staff.  Plaintiff alleges that following ankle surgery, he was prescribed cell feeding and
21 cell medication.  Plaintiff claims that prison officials refused to enforce these orders and he fell
22 down twice trying to obtain his food and medication.
23 　　　　　Plaintiff's motion does not state when he received the ankle surgery.  However,
24 the amended complaint filed March 10, 2008, indicates that plaintiff had the ankle surgery in the
25 summer of 2007.  The amended complaint alleges that the cell feeding and cell medication orders
26 were given in the summer of 2007.

1  Plaintiff does not claim that he is presently under an order for cell feeding and cell
2  medication.  The court finds it highly unlikely that these orders, given approximately one year
3  ago, are still in effect.  For these reasons, the court finds that plaintiff has failed to demonstrate a
4  significant threat of serious harm if his motion for injunctive relief is not granted.
5  Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for an
6  emergency temporary restraining order (# 3) be denied.
7  These findings and recommendations are submitted to the United States District
8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
9  days after being served with these findings and recommendations, plaintiff may file written
10  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
11  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
12  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
13  F.2d 1153 (9th Cir. 1991).

14  DATED:  07/17/08                                           /s/ Gregory G. Hollows

15                                                                             UNITED STATES MAGISTRATE JUDGE
     santos. 56